**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | | |
|---|---|---|
| Fidelity and Guaranty Insurance Underwriters, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:06-690-CWH |
| | ) | |
| vs. | ) | |
| | ) | |
| Robert W. Booher Construction, Inc., Kenneth B. Dunn, Pamela R. Dunn, | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| ——————————————————— | ) | |

Fidelity and Guaranty Insurance Underwriter, Inc. ("Fidelity"), a Wisconsin corporation with its principal place of business in Minnesota, has brought this declaratory judgment action to determine its rights and obligations to the defendants pursuant to a commercial general liability policy ("CGL"). On October 12, 2006, Robert W. Booher Construction Inc. ("RBCI"), an Ohio corporation with its principal place of business in South Carolina, moved to dismiss this action, asserting that this action is not proper for adjudication under the Federal Declaratory Judgment statutes, 28 U.S.C. §§2201 and 2202, as well as Rule 57 of the Federal Rules of Civil Procedure.

In 1991, RBCI, acting as general contractor, began to construct a residence on Hilton Head Island in South Carolina. Fidelity issued RBCI a CGL policy, which ran from April 22, 1991, to April 22, 1992. On January 24, 1992, RBCI conveyed the residence to Robert W. Booher, the owner of RBCI, and Darla A. Booher ("the Boohers"). On August 13, 1998, the Boohers conveyed the property to Pamela R. Dunn. Sometime later, Pamela R. Dunn conveyed a ½ interest to her husband, Kenneth B. Dunn. Pamela R. Dunn and Kenneth B. Dunn ("the Dunns") complained to the Boohers about defects in the house. According to the complaint, the

Boohers paid the Dunns $30,000.00 on January 27, 1999, in exchange for a release.

In 2003, the Dunns sued RBCI in Beaufort County for defects in the home, including: water infiltration, damaged and rotten structural members, floor and ceiling damage, and damage to doors and windows.[1]  In their complaint the Dunns allege that they discovered certain deficiencies at the time of purchase and that the Dunns reached an agreement with the Boohers to hire Hayes Southern Builders to repair the deficiencies.  In 2002, the Dunns discovered structural and safety defects caused by defective construction, faulty workmanship, and defective materials.  Therefore, the Dunns brought an action against RBCI.

In 2003, RBCI submitted a claim for coverage to Fidelity, who hired defense counsel to protect its interests under a reservation of rights. On March 8, 2006, Fidelity filed suit in this Court seeking a declaratory judgment that it has no duty to defend or indemnify RCBI.  Fidelity claims that it has no obligations under the policy because: (1) the property damage was not caused by an occurrence; (2) the property damage did not occur within the policy period; and (3) RBCI did not timely notify Fidelity of its claim.

Declaratory Judgment Act

This Court has diversity jurisdiction pursuant to 28 U.S.C. §1332.[2]  However, this Court has discretion to decline to exercise jurisdiction over a declaratory judgment action pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201 (the "Act").  The Act provides that in a

---

[1] The complaint, amended complaint, and answers have been made a part of the record.

[2] Fidelity's complaint alleges that the Dunns are residents of either Pennsylvania or South Carolina.  In their answer, the Dunns deny the plaintiff's allegation without specifying their residency.  In the Dunns' state court complaint against RBCI, the Dunns allege that they are citizens and residents of Pennsylvania and own real property in South Carolina.

case or controversy otherwise within its jurisdiction a district court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. §2201. The Declaratory Judgment Act should be liberally construed to afford a speedy and inexpensive method of adjudicating legal disputes and to settle legal rights and remove uncertainty and insecurity from legal relationships without awaiting a violation of the rights or a disturbance of the relationships. Aetna Cas. & Surety Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937). The Act does not impose a mandatory obligation upon federal courts to make such declaration of rights. *See* Nautilus Ins. Co. v. Winchester Homes, Inc., 15 F.3d 371, 375 (4th Cir. 1994).[3] Rather, a decision to entertain a claim for declaratory relief is within the discretion of the district court. Aetna Cas. & Surety Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937); Wilton v. Seven Falls Co., 515 U.S. 277, 290 (1995).

In this case, Fidelity seeks a declaration that it owes no duty under the CGL policy to defend RBCI in the Dunns' state court action against RBCI or to indemnify RBCI for the Dunns' claims. In their complaint against RBCI , the Dunns assert that RBCI's negligence proximately and directly caused the following structural deficiencies and defects:

- improper roofing installation thereby allowing water infiltration and decay of structural components
- improper and/or incomplete flashing
- improper roofing and flashing thereby allowing water infiltration and decay of structural components
- improper installation and failure of structural systems
- improper and lack of proper caulking

---

[3] The Supreme Court has overruled portions of Nautilus dealing with appellate standards of review. Wilton v. Seven Falls Co., 515 U.S. 277 (1995). However, the factors articulated in Nautilus with regard to whether or not a district court should exercise discretion in a declaratory relief action remain applicable.

Useful Purpose

"[A] declaratory judgment action is appropriate 'when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and . . . when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" Centennial Life Ins. Co. v. Poston, 88 F.3d 255, 256 (4th Cir. 1996)(*quoting* Aetna Cas. & Sur. Co. v. Quarles, 92 F.2d 321, 325 (4th Cir. 1937)).  Fidelity seeks a declaratory judgment that it has no duty to defend or indemnify RBCI.  A declaratory judgment as to the parties' rights under the insurance policy would serve several useful purposes.

First, a declaratory judgment regarding Fidelity's duty to defend RBCI in the underlying action would afford relief from the uncertainty as to whether Fidelity is obligated to defend RBCI under the policy and may allow Fidelity to avoid unnecessary defense costs.  *See* United Capitol Ins. Co. v. Kapiloff, 155 F.3d 488, 494 (4th Cir. 1998).  Second, a declaratory judgment regarding Fidelity's duty to indemnify RBCI in the underlying action will clarify the legal relations in issue and will afford relief from the uncertainty giving rise to this proceeding.  As a general rule, courts should decide whether an insurer must indemnify its insured after the insured's liability is determined.  Travelers Indemnity Co. v. Miller Bldg. Corp., 2007 WL 685230 (4th Cir. 2007).  However, deciding an insurer's duty to indemnify prior to a determination of the insured's liability may be warranted when the indemnity issue raises purely legal questions or factual issues not present in the liability action.[4]  *See* Penn-America Ins. Co. v. Coffey, 368 F.3d at 413.  In that situation, a declaratory judgment as to Fidelity's duty to

---

[4] As discussed in more detail below, it appears that there may be overlapping issues of fact should the Court reach the issue of Fidelity's duty to indemnify.

indemnify RBCI would serve a useful purpose in settling the disputed rights of the parties under the insurance policy and afford relief from the uncertainty of whether coverage exists under the policy.  *See* <u>United Capitol Ins. Co. v. Kapiloff</u>, 155 F.3d at 494.  In addition, resolving Fidelity's duty to indemnify before RBCI's liability is determined in the state action will provide guidance and structure to potential settlement negotiations in the underlying action.  *See* <u>Nautilus Ins. Co. v. Winchester Homes Inc.</u>, 15 F.3d at 376.

When an insurer seeks a declaratory judgment on coverage issues while the underlying litigation against its insured is pending in state court and declaratory relief would serve a useful purpose, a district court should address the considerations of federalism, efficiency, and comity. <u>Id</u>.  These additional concerns of federalism, efficiency, and comity require a court to consider:

> (1) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (2) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; (3) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems because of the presence of "overlapping issues of fact or law"; and (4) whether the declaratory judgment action is being used merely as a device for "procedural fencing"– that is "to provide another forum in a race for res judicata or to achieve a federal hearing in a case otherwise not removable."

<u>Id</u>. at 377.

(1) The strength of South Carolina's interest in deciding Fidelity's obligations under the CGL policy

South Carolina substantive law governs the interpretation of the insurance policy at issue in this declaratory judgment action because jurisdiction is based on diversity of citizenship.  *See* <u>Erie R.R. v. Tompkins</u>, 304 U.S. 64 (1938).

The parties dispute whether faulty workmanship constitutes an occurrence that can give

rise to property damage under Supreme Court of South Carolina's holding in <u>L-J, Inc. v.</u> <u>Bituminous Fire & Marine Ins. Co.</u>, 621 S.E.2d 33, 36 (S.C. 2005). In <u>L-J</u>, a road prematurely deteriorated as the result of faulty workmanship. The insured made payments on negligence and breach of contract claims and then brought a declaratory judgment action against its CGL insurer. The Supreme Court of South Carolina held that "because faulty workmanship is not something that is typically caused by an [occurrence]," the CGL policy did not cover the damages to the work product. <u>L-J, Inc. v. Bituminous Fire & Marine Ins. Co.</u>, 621 S.E.2d 33, 36 (S.C. 2005). According to RBCI, Fidelity does have a duty to defend and indemnify RBCI because the <u>L-J</u> court noted in dicta that property damage caused by continuous exposure to moisture "is not simply a claim for the contractor's defective work." <u>L-J Inc. v. Bituminous</u> <u>Fire & Marine Ins. Co.</u>, 621 S.E. 2d at 36. Fidelity asserts that under <u>L-J</u>'s clear and settled holding, there was no occurrence. However, <u>L-J</u> is neither clear nor settled.[5]

The Fourth Circuit Court of Appeals has held that a state court has a strong interest in resolving an issue of state law that is particularly close, difficult, or problematic. <u>Nautilus v.</u> <u>Winchester Homes, Inc.</u>, 15 F.3d at 377-78. The application of <u>L-J</u> to this case is close, difficult, and problematic because it is uncertain whether the CGL policy at issue provides coverage for

_____

[5] *See* <u>Pa. Nat'l Mut. Ins. Co. v. Ely Wall & Ceilings, Inc.</u>, No. 04-1576 at 5 (D.S.C. filed Mar. 6, 2006) (Harwell, J.) ("the <u>L-J, Inc.</u> opinion does not necessarily reflect 'settled law' as to the issue of 'occurrence' and coverage under . . . CGL policies"); <u>Harleysville Mut. Ins. Co. v.</u> <u>Cambridge Bldg. Corp.</u>, No. 04-23412, slip op. at 3(July 19, 2006) (Duffy, J.) ("this court finds that <u>L-J, Inc</u>. does not necessarily reflect 'settled' law"); <u>Bituminous Cas. Corp. v. R.C. Altman</u> <u>Builders, Inc.</u>, No. 01-4267 at 1 (July 28, 2006) (Norton, J.) ("Abandon hope, all ye who enter here. . . . The welcome sign of the afterlife aptly describes this court's hesitation in construing <u>L-J</u>."); <u>So. Land & Golf Co. v. Harleysville Mut. Ins. Co.</u>, No. 03-2189, at 4 (Aug. 22, 2006) (Norton J.) ("The judges in this courthouse and throughout the district disagree on [<u>L-J</u>'s] application.").

property damage caused by continuous exposure to moisture which resulted from faulty workmanship.  Therefore, it appears that South Carolina has a strong interest in deciding these state law issues and in interpreting and applying L-J in a manner consistent with its public policy.

>    (2) Whether the issues raised in this action can more efficiently be resolved in the court in which the state action is pending

Efficiency and comity favor resolving all litigation stemming from a single controversy in a single court system, but a district court should not dismiss an action because issues in the federal action could be brought in state court.  Nautilus Co. v. Winchester Homes, 15 F.3d at 379.  Only if the state court is more effective or efficient should the federal court decline to entertain the action.  Id.  To determine whether the state court is a more efficient forum, a district court should conduct a careful inquiry into the scope of the pending state court proceedings, including such matters as whether the claims of all parties in interest to the federal proceeding can satisfactorily be adjudicated in that proceeding, whether all necessary parties have been joined, and whether such parties are amenable to process in that proceeding.  Nautilus Co. v. Winchester Homes, 15 F.3d at 378-79.

It appears that the most efficient use of judicial resources is for this Court to determine Fidelity's duty to defend RBCI in the underlying action.  First, the Court is already familiar with the facts and law necessary to decide the duty to defend.  Second, determination of Fidelity's duty to defend may dispose of the entire case.  Penn-America Ins. Co. v. Coffey, 368 F.3d at 413 (holding that when an insurer has no duty to defend, the insured also has no duty to indemnify because the allegations even when taken as proved fall outside the policy's coverage).  Third, although both the state and federal actions stem from the same set of operative facts, the issues in

this action are different from the issues in the action pending in state court. In the state court

action, the Dunns seek damages from RBCI for alleged faulty workmanship. In this action,

Fidelity seeks a declaration that it owes no duty to defend or to indemnify RBCI; these issues are

not before the state court. Fourth, Fidelity has employed counsel and is defending RBCI under a

reservation of rights. Fidelity is not a party to the state court action, and the parties have not

indicated whether Fidelity can be joined.[6] Dismissing the action with the hope that the claims

will be filed and decided in state court is not the most efficient use of judicial resources. The

state court is not a more efficient forum for deciding Fidelity's duty to defend RBCI.

> (3) Whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems because of the presence of "overlapping issues of fact or law"

> a. Duty to Defend

There are no overlapping issues of fact or law as to the duty to defend question in this

case. Under South Carolina law, the determination of whether a liability insurance company is

obligated to defend an action under its policy provisions is based on the allegations of the

---

[6] It appears that Fidelity could file an action for a declaratory judgment in South Carolina state court and move to consolidate the actions under Rule 42 of the South Carolina Rules of Civil Procedure, which provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all matters in issue in the action; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid the unnecessary cost or delay.

However, the defendants could remove Fidelity's declaratory judgment action to this Court; therefore, bringing the declaratory judgment action in state court is inefficient. In addition, it would be more efficient for this Court to resolve the issue of Fidelity's duty to defend than to dismiss this action with the hope that Fidelity would file a new action in state court. *See* Nautilus Ins. Co. v. Winchester Homes, Inc., F.3d at 379 ("[T]hat the issue raised here might be resolved in some yet-to-be filed action . . . is not alone sufficient to justify dismissal of this action.").

complaint against the insured.  Isle of Palms Pest Control Co. v. Monticello Ins. Co., 459 S.E.2d 318, 320 (S.C. Ct. App. 1994).  If the underlying complaint creates a possibility of coverage, the insurer is obligated to defend.  Id.  Because the duty to defend issue is not before the state court and because Fidelity's duty to defend depends only upon the Dunns' state court complaint, determining Fidelity's duty to defend will not result in unnecessary entanglement between the state and federal court systems.

b. Duty to Indemnify

There is an overlapping question of fact as to the duty to indemnify in this case.  In the state court action, the defendants raised a statute of limitations defense.  The statute of limitations requires that the claim be filed within a stated period from the time that the plaintiffs knew or should have known of the claim.  S.C. Code Ann. §§15-3-530, 535.  Therefore, the state court must determine when the Dunns knew or should have known of their claims.

In this action, Fidelity claims that there is no coverage under the policy because it was not timely notified of a claim under the CGL policy.  In 2003, the Dunns filed an action against RBCI for faulty workmanship, and RBCI notified Fidelity of a claim on March 6, 2003.  Fidelity argues that in January of 1999 when the Boohers and the Dunns agreed to hire Hayes Southern Builders to make repairs, RBCI violated the policy by failing to notify Fidelity of the claim and by failing to cooperate with Fidelity in the investigation, defense, and settlement of that claim. In South Carolina, an insured must notify its insurer of a claim with reasonable promptness under the circumstances.  Edgefield v. Maryland Cas. Co., 58 S.E. 969, 971 (S.C. 1907).  "In fixing a date upon which an insured becomes obligated to notify its liability insurer of an occurrence, all relevant facts known to the insured on the date in question must be evaluated

under the standard of objective reasonableness."  Lee R. Russ, Thomas F. Segalla, 13 Couch on

Insurance 3d §191:5 (2006).  Therefore, this Court must determine when RBCI reasonably knew

of an occurrence under the policy.  As a practical matter, this determination will resolve when

the Dunns knew or should have known of their claim and will thus preclude the state court's

determination of RBCI's statute of limitations defense.

However, this Court may not reach the issue of when RBCI became obligated to notify

Fidelity of its claim because as stated above, if Fidelity has no duty to defend it has no duty to

indemnify.  Therefore, it is uncertain whether permitting this action to go forward would result

in unnecessary entanglement between the federal and state court systems.  An overlapping

factual issue that may arise later does not weigh in favor of the Court declining jurisdiction over

this action.  If the overlapping factual issue does arise, then this Court will revisit the issue of

entanglement and this Court may then decline jurisdiction over Fidelity's claim that it had no

duty to indemnify RBCI.

> (4) whether the declaratory judgment action is being used merely as a device for
> "procedural fencing"– that is "to provide another forum in a race for res judicata or to
> achieve a federal hearing in a case otherwise not removable

Pursuant to 28 U.S.C. §§ 1332 and 2201, Fidelity may bring a declaratory judgment

action in federal court as to whether it is obligated to defend and indemnify RBCI; these issues

are different from the issues raised in the underlying state action.  In addition, the state court

action has been pending since 2003.  Therefore, this is not a case in which one party has raced to

federal court to resolve issues already pending in state court; nor is there any indication that this

action was filed to obtain a federal forum in a case that is otherwise not removable.  The Fourth

Circuit approves of such declaratory judgment actions.  Nautilus v. Winchester Homes, Inc., 15

F.3d at 380. Accordingly, this Court is satisfied that Fidelity is not using federal declaratory relief merely as a device for procedural fencing.

Conclusion

The Court determines that the following solution is the most efficient method for resolving the issues presented by the analysis of the utility and federalism factors.

Fidelity's duty to defend is a question of law which depends upon whether its CGL policy provides coverage for damages caused by faulty workmanship and exposure to moisture. This issue is unsettled in South Carolina. *See* L-J, Inc. v. Bituminous Fire & Marine Ins. Co., 621 S.E.2d 33, 36 (S.C. 2005). A district court may certify an unsettled issue of law to the state court. *See* Lehman Bros v. Schein, 416 U.S. 386, 391 (1974). The Supreme Court of South Carolina in its discretion may answer questions from a federal court that are determinative of a claim and are not controlled by existing precedent in the decisions of the Supreme Court of South Carolina. S.C. App. Ct. R. 228(a). Accordingly, the Court will certify the question of whether a CGL policy provides coverage for damages caused by faulty workmanship and exposure to harmful conditions to the Supreme Court of South Carolina.

After the Supreme Court of South Carolina has resolved this unsettled issue of law, this Court can determine whether Fidelity has a duty to defend RBCI in the underlying action. Resolving Fidelity's duty to defend then will not result in any entanglement between the federal and state court systems.

The Court denies the motion without prejudice and with leave to re-file after the Supreme Court of South Carolina answers the certified question. The Court directs the parties to submit to this Court proposed orders for certification within 30 days of the filing of this order. The

proposed orders must comply with Rule 228(b) of the South Carolina Appellate Court Rules.

**AND IT IS SO ORDERED.**

**C . WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

August 15, 2007
Charleston, South Carolina